**Forrest Lynn ROPER, by her father and next friend, Forrest G. Roper, Appellant,**

v.

**GREAT ATLANTIC AND PACIFIC TEA COMPANY, a corporation, Appellee.**

No. 2609.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 15, 1960.

Decided Oct. 14, 1960.

Robert F. Sutphin, Washington, D. C., with whom Samuel W. McCart, Washington, D. C., was on the brief, for appellant.

Jeremiah C. Collins, Washington, D. C., for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, retired) sitting by designation under Code § 11–776(b).

HOOD, Associate Judge.

Appellant, a young girl, through her father as next friend, sued the Great Atlantic and Pacific Tea Company for an allegedly slanderous statement made by one of its store managers. At the close of her case the trial court granted A & P's motion for a directed verdict on the ground that the manager's words were not slanderous per se and no pecuniary damage had been proved.

The evidence was that one evening plaintiff went with her father, mother and grandmother to an A & P store where the family had traded for over two years. As the family shopped, plaintiff, who was then only seven years of age, stopped and knelt before a candy stand to look at items on the lower shelf. She did not touch anything on the shelf; but at one point she put her hand, in which she held a few coffee beans, into her pocket. She then joined her mother and grandmother to wait for her father who at that time was at the checkout counter with the groceries.

As the child's father waited in line the store manager walked up to him, threw an opened package of Chiclets on the counter and in a voice audible to other customers said: "I believe your daughter would like to have you pay for these." In response to the father's "Why?" the manager replied, "Because your daughter stuffed her pockets full of them back there at the candy counter." Calling his daughter to him the father told her to turn out her pockets and open her mouth. No Chiclets or candy was found.

Obviously the only question before us is whether the manager's words were slanderous per se. If they were, the directed verdict was erroneous.

We hold that the statement was slanderous per se. If the manager was not accusing the girl of theft, what was he saying? Interpreted in their plain and natural meaning the words would cause hearers of ordinary understanding to reasonably conclude that the young girl was being charged with theft of some Chiclets.[1] The store argues that the manager's introductory statement—that the girl would want her father to pay for the candy—removed any slanderous element from the charge because it belied an implication of a larcenous intent on the part of the child. This might have been the design of the

1. Cf. Harmon v. Liss, D.C.Mun.App., 116 A.2d 693, 695; Sawyer v. Gilmers, Inc., 189 N.C. 7, 126 S.E. 183, 41 A.L.R. 1184; 53 C.J.S. Libel and Slander § 70a(2).

manager, but his intent does not govern the clear import of his own language; it is the meaning the words themselves actually convey that controls.[2] Furthermore, the manager's reference to payment made even clearer his accusation of theft.[3]

Since we hold that the words were slanderous per se, it was not necessary that plaintiff prove special or pecuniary damages.

Reversed with instructions to grant a new trial.

2. 53 C.J.S. Libel and Slander § 10; 1 Harper and James, Torts, § 5.6.

3. The store concedes that the girl's age, which would preclude criminal action against her, is no defense to defamation. See Restatement, Torts, § 571, Comment b; Munden v. Harris, 153 Mo.App. 652, 134 S.W. 1076.